## Thomas v. Dalton Borough School District

*David W. Phillips,* for plaintiff.
*Beers & Grambs,* for defendant.

LEACH, P. J., September 1, 1937. — It appears that plaintiff was a teacher in defendant school district and that she married in violation of an understanding she had with the members of the board. Notice of the termination of her contract was given by the board on March 1, 1937. Thereafter the Mundy Teachers' Tenure Act of April 6, 1937 (no. 52), was passed.

It provided in section 6:

"No contract in effect at the enactment of this act shall be terminated, except in accordance with the provisions of this act."

It further provided in section 2(*a*):

"The only valid causes for termination of a contract in accordance with the provisions of this section shall be— immorality, incompetency, intemperance, cruelty, wilfull and persistent negligence, mental derangement, persistent and wilfull violation of the school laws of this Commonwealth on the part of the professional employe, or substantial decrease in the number of pupils or students due to natural causes."

The act makes provisions for a detailed written statement of the charges upon which the employe's dismissal or refusal of reëlection is based, with a time for hearing, and notice of hearing shall be made public. The procedure is somewhat lengthy and need not be set out here.

It is admitted in the answer that no such notice under the Mundy Act was ever given, and the teacher was not dismissed. The answer suggests that her conduct amounted to an immoral deception of the board. We do not pass upon this phase of the case. Until plaintiff is properly dismissed under the procedure outlined by the Teachers' Tenure Act she is entitled to a contract.

Now, September 1, 1937, a peremptory writ of mandamus is directed to be issued, awarding contract to plaintiff in this case.